UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In Re:

JEFFREY SHATUSKY          ,                              Case No. 8:22-bk-00131-RCT
                                                         Chapter 7

     Debtor.

_____/

**EXPEDITED JOINT MOTION TO APPROVE**
**POST-PETITION ATTORNEY FEE FINANCING ARRANGEMENT**

***Expedited Consideration Requested***

Debtor, Jeffrey Shatusky ("Debtor"), and Rebound Capital, LLC ("Movant", and together

with the Debtor, the "Movants"), by and through undersigned counsel, request that the Court

determine that a post-petition Contract for Post-Petition Legal Services (the "Post-Petition

Agreement") and Attorney Fee Financing Agreement (the "Financing Agreement") entered into

between the Debtor, the Debtor's counsel, and the Movant, pursuant to which the Movant will

finance the amounts paid to the Debtor's legal counsel under a "bifurcated" post-petition contract

for legal services, comply with Section 329 of the Bankruptcy Code, Federal Rule Bankruptcy

Procedure 2017, and any other applicable Sections of the Bankruptcy Code, Federal Rules of Civil

Procedure, or Rules of Professional Conduct.  In support, the Movants state as follows:

**INTRODUCTION**

1.      The issue before the Court is whether the Movant may finance post-petition legal

fees incurred by a Chapter 7 debtor under a "bifurcated" contract for legal services.  Because the

terms of the arrangement have been fully disclosed and are otherwise fair and reasonable to all

parties involved, the Court should approve the Financing Agreement under Section 329 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2017.

## BACKGROUND

2.      The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 12, 2022 (the "Petition Date").

3.      Prior to the Petition Date, the Debtor consulted with bankruptcy counsel regarding his suitability for filing bankruptcy.  To that end, legal counsel evaluated the Debtor's income, expenses, assets, debts, and overall financial situation.  As a result of that consultation, counsel determined that the Debtor is a working father who is having difficulties supporting his family of three (3) due to the existence of a pending wage garnishment.  By eliminating the Debtor's wage garnishment and other burdensome liabilities, counsel anticipates the Debtor will be able to pay his debts as they come due post-discharge and rebuild his credit.

4.      After determining that the Debtor was a suitable candidate for bankruptcy, the Debtor's legal counsel offered the Debtor two (2) methods of paying for the legal services associated with the bankruptcy case:

> a.  Option One:  The Debtor was given the option to pay counsel a discounted flat fee of $1,800.00[1] prior to the Petition Date and, in exchange, counsel would prepare and file a Chapter 7 petition on behalf of the Debtor and represent the Debtor through discharge in the bankruptcy case; or

---

[1] The Debtor's counsel typically charges a standard fee of $2,000.00 in Chapter 7 cases; however, counsel agreed to offer this particular Debtor a discounted rate of $1,800.00.  The amounts referenced herein ($1,800.00 under Option One and $2,000.00 under Option Two) represent fees for legal services and do not include the Chapter 7 filing fee. The Debtor's counsel and the Movant do not advance or finance any filing fees on behalf of Chapter 7 debtors. Filing fees are paid in trust by the client prior to filing and tendered to the Clerk by counsel when the case is filed.

b. <u>Option Two</u>: In the event the Debtor lacked the funds necessary to proceed under Option One, the Debtor could engage counsel under the firm's bifurcated retainer program (the "<u>Bifurcated Retainer Program</u>").  Under the Bifurcated Retainer Program, the Debtor would first enter into a prepetition agreement with counsel, under which counsel would agree to represent the Debtor pro bono on a limited basis to the extent necessary to prepare and file the basic bankruptcy petition and other documents necessary to initiate the bankruptcy case.  Thereafter, the client would have the option to enter into a Post-Petition Agreement, under which counsel would agree to perform the additional routine services necessary to represent the Debtor through discharge in exchange for a flat fee of $2,000.00.

5.     To the extent the Debtor wished to proceed under the Bifurcated Retainer Program, but still lacked the funds necessary to pay for the post-petition services, the Debtor's legal counsel informed the Debtor that such fees could be paid through a financing arrangement offered by Movant.  Under this arrangement, the Movant would pay legal counsel's fee in full upon the Debtor's entry into the Post-Petition Agreement and, in exchange, the Debtor would agree to repay the Movant pursuant to the terms of a separate post-petition Financing Agreement between the Movant and the Debtor.  Specifically, the Financing Agreement provides that the Debtor will repay the $2,000.00 Post-Petition Fee post-petition at a rate of 17.99% in 12 monthly payments of $183.35, for a total amount due (including interest) of $2,200.20.  The Movant charges legal counsel a processing fee at the rate of $120/case financed.  The processing fee is separately invoiced to legal counsel by Movant and is not paid, subtracted, or otherwise "shared" from the fee financed by Movant.

3

6.      In light of his present financial circumstances, the Debtor elected to proceed under the Bifurcated Retainer Program and enter into a post-petition Financing Agreement with the Movant.  Copies of the Post-Petition Agreement and Financing Agreement are attached hereto as **Exhibit "A."**

## ARGUMENT AND MEMORANDUM OF LAW

7.      The United States Bankruptcy Court for the Middle District of Florida has expressly authorized lawyers to represent Chapter 7 debtors under "bifurcated" fee agreements so long as certain requirements are satisfied. *See Walton v. Clark & Washington, P.C.*, 469 B.R. 383, 387-88 (Bankr. M.D. Fla. 2012) (approving bifurcated fee agreements in Chapter 7 cases subject to counsel complying with certain disclosure requirements); *see also In re Brown*, 631 B.R. 77, 105 (Bankr. S.D. Fla. 2021) (finding that bifurcated fee agreements that comply with the terms of this order "do not violate the Bankruptcy Code or Bankruptcy Rules, this Court's Local Rules, or the Florida Bar Rules.").  In addition, courts have authorized the financing of post-petition attorney's fees incurred by a Chapter 7 debtor, so long as certain additional disclosure requirements are met. *See In re Hazlett*, 2019 Bankr. LEXIS 1166, at *29-30 (Bankr. D. Utah Apr. 10, 2019) (approving the factoring of post-petition attorney's fees paid to a law firm under a "bifurcated" fee agreement where the client was fully informed regarding the transaction, including that the legal fees for post-petition services were non-dischargeable and that the law firm could not represent the client in any dispute between the client and the finance company).

8.      On this point, it is well-established that a post-petition Chapter 7 debtor may obtain credit without prior court authorization. *See, e.g.*, *In re Green*, 2020 Bankr. LEXIS 2387, at *2 (Bankr. N.D. Ind. Aug. 31, 2020) ("While there is nothing unusual about a motion to redeem property from a lien in a Chapter 7 case, the requested approval of a post petition loan to the

Chapter 7 debtor is quite a different matter.  The bankruptcy court has no jurisdiction over a Chapter 7 debtor's pos-petition affairs, except to the extent they may involve issues associated with a discharge.").  Notwithstanding the foregoing, the Movant acknowledges that where the purpose of the post-petition loan is to pay the Debtor's legal fees, "the Court may review these arrangements for compliance with § 329 and any applicable rules." *See In re Hazlett*, 2019 Bankr. LEXIS 1166, at \*30.  Consequently, the Court has jurisdiction to consider whether the Post-Petition Agreement and Financing Agreement comply with the requirements of Section 329 of the Bankruptcy Code and associated law.

9.      Section 329(a) of the Bankruptcy Code requires an attorney representing a debtor to file "a statement of compensation paid or required to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, *and the source of such compensation*." 11 U.S.C. § 329(a) (emphasis added).  The statement required by Section 329(a) must be filed "within 14 days after the order for relief," must specify "whether the attorney has shared or agreed to share the compensation with any other entity," and shall "include the particulars of any such sharing or agreement to share by the attorney." Fed. R. Bankr. P. 2016(b). "If such compensation exceeds the reasonable value of any services, the court may cancel any such agreement, or order the return of any such payment, to . . . the entity that made the payment." 11 U.S.C. § 329(b).  Federal Rule of Bankruptcy Procedure 2017(b) allows the court, "after notice and a hearing, [to] determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to any attorney after entry of an order for relief . . . is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case." Fed. R. Bankr. P. 2017(b).

10.     Here, the terms of the Post-Petition Agreement and Financing Agreement comply with Section 329 of the Bankruptcy Code and Bankruptcy Rule 2017.  For starters, the Post-Petition Agreement and Financing Agreement have served the important purpose of enabling the Debtor to obtain bankruptcy protection despite his present inability to pay for counsel's services in full.  By gaining access to the bankruptcy system despite his current financial limitations, the Debtor has obtained an opportunity to achieve a fresh start and rebuild his credit.  In addition, the compensation charged by the Debtor's counsel is reasonable and in-line with the amounts charged by other competent practitioners in this District.  By proceeding under the Bifurcated Retainer Program, the Debtor has obtained the benefit of experienced and competent bankruptcy counsel.  At the same time, the Financing Agreement has enabled the Debtor's counsel to represent his client's interests without having to bear the risk of non-payment or resort to potentially problematic factoring arrangements.[2]  Finally, all aspects of the financing arrangement have been fully disclosed in this motion and in counsel's forthcoming Rule 2016(b) statement, including the financing charges, the associated payment terms, and the processing fee charged by Movant to legal counsel.

11.     In sum, the Bifurcated Retainer Program and Financing Agreement have enabled the Debtor to access the bankruptcy system and obtain competent representation on terms that are fair and reasonable to all parties involved.  Consequently, the Court should authorize the Debtor,

---

[2] While some bankruptcy courts have approved the factoring of post-petition attorney's fees in Chapter 7 cases, *see, e.g.*, *In re Hazlett*, 2019 Bankr. LEXIS 1166, at *30 (declining to impose sanctions arising from the use of a factoring arrangement by counsel and a third-party factoring company), other courts have disapproved of factoring in Chapter 7 cases, citing among other reasons, a concern that factoring may involve fee sharing between the lawyer and finance company. *See, e.g.*, *In re Baldwin*, 2021 Bankr. LEXIS 2753, at *42 (Bankr. W.D. Ky. Oct. 5, 2021) (expressing concern that the costs of factoring by the law firm represent a disguised form of indebtedness incurred by the debtor and/or involve improper fee splitting between the lawyer and finance company).  Here, the Debtor's counsel is paid the entire $2,000.00 post-petition fee due under the Bifurcated Retainer Program.  In contrast to a factoring arrangement, there is no sharing of fees between the finance company and counsel for the Debtor.  The only amount paid to the Movant by the Debtor's counsel is a nominal processing fee, which is separately invoiced and is not paid from the fee earned by counsel in the case.

his counsel, and the Movant to proceed with the representation and financing arrangement as set forth in the Post-Petition Agreement and Financing Agreement.

WHEREFORE, the Debtor respectfully requests that the Court grant this motion, determine that the Post-Petition Agreement and Financing Agreement comply with Section 329 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2017, and any other applicable Sections of the Bankruptcy Code, Federal Rules of Civil Procedure, or Rules of Professional Conduct, and grant the parties such additional relief as is just and proper.

DATED this 17th day of January 2022.

RESPECTFULLY SUBMITTED,                   RESPECTFULLY SUBMITTED,

/s/ *Erik Johanson*                                          /s/ *Alan Borden*
Erik Johanson, Esq.                                         Alan Borden, Esq.
Florida Bar No. 106417                                   Florida Bar No. 58250
ERIK JOHANSON PLLC                              Richard Feinberg, Esq.
3414 W Bay to Bay Blvd                              Florida Bar No. 802808
STE 300                                                          Debt Relief Legal Group, LLC
Tampa, Florida 33629                                    901 W. Hillsborough Ave
(813) 210-9442                                              Tampa, FL 33603
ecf@johanson.law                                          (813) 231-2088
*Counsel for Movant*                                     aborden@1800debtrelief.com
                                                                      *Counsel for Debtor*

**FILER'S ATTESTATION**

Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Erik Johanson attests that concurrence in the filing of this paper has been obtained.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served by CM/ECF service on all parties who received electronic service in the ordinary course of business on January 17, 2022, and will be served via U.S. Mail to the Office of the United States Trustee for Region 21 via U.S. Mail on January 18, 2022.

*/s/ Erik Johanson*
Erik Johanson