Composite

Exhibit "A"



# CONTRACT FOR POST-PETITION LEGAL SERVICES IN A CHAPTER 7 BANKRUPTCY CASE

This Contract for Post-Petition Legal Services in a Chapter 7 Bankruptcy Case ("Post-Petition Agreement") is executed between Debt Relief Legal Group, LLC ("Firm") and the undersigned (individually and collectively known as "Client" or sometimes as "You" or "Your"). Client agrees to employ Firm to represent Client in Client's pending Chapter 7 bankruptcy case (Case No. _____ ). **Client has been advised that Client is not obligated to sign this Post-Petition Agreement and that Client may consult with another attorney as to whether Client should do so. Client has further been advised that Client may choose to retain another attorney apart from Firm, or proceed without legal representation in which case Firm will continue to represent Client until such time as the Court enters an Order authorizing Firm to withdraw from Client's bankruptcy case, or Client's bankruptcy case is closed or dismissed. Notwithstanding these disclosures, Client agrees to the following:**

1. **Retainer Fee**. Client agrees to pay attorney's fees in the amount of $2,000.00 for Firm's representation in Client's pending Chapter 7 bankruptcy case. Attorney's fee may be paid in full from Client's own resources, or may be financed, by a third-party finance company, Rebound Capital, LLC ("Rebound"). The financing agreement offered by Rebound ("Financing Agreement") provides that Rebound will advance attorney's fees on Client's behalf to the Firm and Client will agree to pay back all amounts financed in 12 equal installments, plus interest. Other terms and conditions apply. A true and correct copy of the Financing Agreement is attached hereto as **Exhibit "A"** and incorporated herein. A summary of the total fees financed, interest rate, monthly payment and the cost of financing is reflected in the chart below:

| FEDERAL TRUTH IN LENDING DISCLOSURES | | | | | |
|---|---|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of Your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost You. | **AMOUNT FINANCED** The amount of credit provided to You on Your behalf. | **TOTAL OF PAYMENTS** The amount You will have paid after You have made all payments as scheduled. | **TOTAL PRICE** The total cost of Your purchase on credit. | **YOUR MONTHLY PAYMENT** The amount You will pay each month, including principal and interes**t.** |
| **17.99 %** | **$200.20** | **$2,000.00** | **$2,200.20** | **$2,200.20** | **$183.35** |

The amount of the Retainer is based upon the information provided by Client at the consultation and may be adjusted upward in the event circumstances or information deviates from the date of retention.

    A. **Limited Sharing of Information with Rebound**. Client agrees that the Firm may share limited information with Rebound, including this Post-Petition Agreement, information about Your income and employment, and basic contact information that You provided to Firm in the context of this representation. Firm will not share any attorney-client or privileged information with Rebound.

    B. **Collection Actions**. If You do not make Your payments when they are due, Rebound could pursue collection activities against You, which could include turning over Your account to a collection agency or suing You to collect what is owed, plus additional attorney's fees and collection costs. Firm cannot and will not represent You in any such collection action by Rebound or its assigns. However, Firm will continue to represent You or Your bankruptcy matter.

    C. **Negative Credit Reporting**. If You fail to make payments toward Your attorney fee as agreed in this Post-Petition Agreement, Rebound may report negatively on Your credit.

    D. **Ability to Make Payments**. The statements and schedules that are filed with the court on Your behalf may show that Your expenses exceed Your income.  You nonetheless believe that this opportunity to pay Your

attorney's fee through Rebound Financing Agreement is the best choice for You and You believe that You can make the required payments and that said payments will not result in an undue hardship.

2. **Base Legal Services**. The Base Legal Services included in this Post-Petition Agreement are the following:

- Preparing and filing Your Statement of Financial Affairs and Schedules of Assets and Liabilities and filing any necessary amendments to them (*Required*);
- Preparing and filing Your Means Test calculations and disclosures (*Required*);
- Meeting with You to review Your statements and schedules and have You sign them before we file them; (*Required*);
- Preparing for and attending Your Section 341 Meeting of Creditors, including any continuation of the Meeting (*Required*);
- Administrating and monitoring Your case and communicating with You throughout the process (*Required*);
- Forwarding the Trustee Questionnaire and debtor documents to the Trustee (*Required*);
- Review and responding to Trustee requests (*Required*);
- Noticing Your employer to stop any garnishments;
- Reviewing and advising You about any turnover demands from the Trustee;
- Reviewing and advising You about any Rule 2004 examinations and attending such an examination;
- Reviewing and advising You about any audit of Your case by the United States Trustee;
- Drafting or responding to claims or objections to claims;
- Preparing and filing a motion to reinstate Your case if it is dismissed;
- Reviewing and advising You regarding any motions for stay relief;
- Reviewing, advising You about, negotiating and attending any hearing about a proposed reaffirmation agreement or redemption;
- Reviewing and advising You about any lien avoidance matters;
- Reviewing and advising You regarding any creditor violations;
- Any other legal service required by the local rules (*Required*); and
- Enrolling Client into a credit reporting and education program after You obtain Your bankruptcy discharge that will monitor and assist the Client with rebuilding Your credit. This program, which includes the following will be at no additional cost to the Client and will last for approximately 48 months after You obtain Your bankruptcy discharge order:

    ❖ Access to "7 Steps to a 720 Credit Score," which is serviced by 720CreditScore.com;
    ❖ Access to 720 Credit Score's monthly LIVE "Jumpstart Your Credit Calls" where You can listen or ask personal questions to a designated client representative;
    ❖ Access to the 720 Credit Score customer service portal, where all Your pre/post-bankruptcy credit questions will be answered;
    ❖ A post discharge/confirmation review of Your credit report to determine the accuracy of the information contained in the report;
    ❖ In 45 days post-discharge the client's credit report will be reviewed to confirm that all errors, if any, have been fixed; and
    ❖ Continued monitoring of any creditors that were subject to the Discharge Order that they have not renewed any collection activities against any discharged debt.

3. **Non-Base Legal Services**. Legal services that exceed the scope of the Base Legal Services contemplated by the Retainer Fee may be provided by Firm post-petition for an additional fee, including but not limited to representing Client in: (a) converting the case to a Chapter 13 ($3,700-$4,200); (b) motion for mortgage modification ($1,800-$2,400); (c) Section 523 or 727 objections to discharge; (d) discharge proceedings, including those related to student loans, taxes or undue hardships; (e) motions for relief from, or continuation, defense or enforcement of the automatic stay (f) motions to redeem personal property($600.00); (g) rule 2004 examinations; (h) motions to avoid liens/judgments($500.00); (i) adversary proceedings; (j) contested matters regarding Client's claim of exempt property; (k) filing any amendments to the schedules; (l) motions or adversary complaints to abandon/refinance/ sell/purchase property; (m) assisting in

carrying out the Debtor's Statement of Intentions; (n) monitoring an "asset case"; (o) re-opening a bankruptcy case to submit post-filing proof of pre-discharge counseling; (p) representing You in any municipal, county, state or other local jurisdiction court matters; (q) representing You in any tax matters; (r) representing You in any efforts to discharge student loans; (s) pursuing creditors for violations of the automatic stay, discharge injunction or Fair Credit Reporting Act; and (t) issues that arise that are not specifically listed in the Bankruptcy Services section. For such Non-Base Legal Services, Client will be charged $395.00 per hour for attorney time and $175/hour for paraprofessional time billed in 6-minute minimum increments, unless a flat fee is indicated. Non-Base Legal Services will not be provided by Firm unless a separate retainer agreement is executed by Firm and Client upon mutually acceptable terms.

4. **Bankruptcy Services Only.** This Post-Petition Agreement contemplates Base Legal Services and Non-Based Legal Services defined above (collectively "Bankruptcy Services") ONLY and no other services. Firm is not retained to represent Client in any other legal proceedings. Firm will NOT take any action outside of Bankruptcy Services described in this Post-Petition Agreement. Debtor expressly authorizes Firm to utilize outside counsel at no additional cost to Client to appear on Client's behalf at creditor meetings and hearings.

5. **Violation Actions.** Client hereby authorizes Firm, but does not require it, to investigate for the existence of violations of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes or Bankruptcy Code violations (collectively, "Violation Action"). Any representation by Firm of Client's interests in a Violation Action will be subject to the terms of a separate, mutually agreeable retainer agreement.

6. **Refund Policy.** Client retains Firm under a General Retainer known as a "FLAT FEE RETAINER" whereby Firm agrees to provide Bankruptcy Services for a fixed amount and not on an hourly basis unless otherwise indicated in this Post-Petition Agreement. Because this is a flat fee representation, Client expressly waives any rights to any accounting or monthly billing of time spent on this matter. All fees forwarded and paid to Firm constitute earned compensation upon receipt by Firm, are non-refundable, and will be deposited in Firm's general operating account, and not in an IOTA account. Therefore, Firm is not obligated to refund any portion to Client regardless of when or in what manner this matter may be concluded, or this Post-Petition Agreement terminated, except as otherwise required by the Bankruptcy Court, The Florida Bar or other court of competent jurisdiction.

7. **Due Diligence.** Firm may investigate/verify the information provided by Client via third party sources and is authorized to amend information provided by Client as a result of its investigation. Firm may order (at Client's expense), or request Client order, due diligence documentation/items, including but not limited to appraisals, real estate and auto valuations, credit checks, tax transcripts, asset searches and anything Firm deems appropriate to confirm Client information. If not provided by Client within 30 days of request, or at Client's request, Firm, at its discretion is authorized to utilize certain due diligence products and pass through to Client the cost of such products plus a reasonable administrative fee to compensate Firm for the time to order and process such documents.

8. **Debtor's Obligations to Pay Designated Costs/Fees/Due Diligence**. In addition to the Retainer fee, the Client shall be obligated to obtain/pay for the following items: (a) post-filing debtor education instructional course; (b) tax transcripts; (c) public record, asset/lien searches; (d) copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, appraisals, broker price opinions (BPO), auto valuations, and other similar documents; (e) any other records or statements not produced by Client; (t) filing fee for amending bankruptcy schedules; and (g) filing fee for conversions.

9. **Retention and Disposition of Records**. Firm cannot accept any original documents. Client is responsible to make copies of all documents and hereby certifies that no original documents have been sent or delivered to Firm. Firm reserves the right to destroy any file after 4 years starting from the petition date. Firm encourages Client to keep and maintain copies of all bankruptcy related matters. Client may request a copy of the file or any documents within the file by sending a written request with a retrieval and duplication fee of $50. Firm satisfies such requests within thirty (30) days of receipt. Client may expedite delivery to under ten days by paying $75 per request. You understand that the Firm will only retain Your client file for 4 years.  Following that time period, copies of Your bankruptcy papers and discharge order may be obtained through the clerk of the bankruptcy court.

10. **Limited Power of Attorney**. Client agrees that the signature on this Post-Petition Agreement also grants Firm a limited power of attorney to affix its signature to any authorization forms required to (a) obtain tax information from any third party tax preparer, accountant, the state or federal taxing authority, or any other party in possession of any type of tax information/returns related to Client, including, but not limited to copies of Client's tax returns and/or transcripts, and to obtain due diligence products from third parties including, but not limited to, real estate appraisals and/or comparative market analyses, title searches, asset searches, personal property valuations, and credit reports.

11. **Full Disclosure**. Client agrees that all information disclosed shall be accurate, and that Client shall not withhold any information responsive to questions asked by the attorney either in person or on documents or letters from Firm. Any material misrepresentation or failure to disclose relevant information will be grounds for Firm to terminate the representation, and withdraw from the case, and may result in loss of all fees paid. Any legal questions must be referred to the attorney. Staff may not give legal advice.

12. **Virtual Representation.** Client understands and agrees that Firm represents its Clients virtually, meaning primarily through means of telephonic and digital (online) communication. Client agrees that whenever possible, Client's communication with the Firm will not be face-to-face at a physical office, but rather through email, over the phone or through a virtual meeting room that Client accesses through Client's computer or telephone. Client has elected to use the Firm, in part, because the Firm offers this service and Client finds this service to be more efficient and convenient. Client also understands that court rules within Client's local jurisdiction may require Client to sign Client's final documents in the presence of the lawyer, in which case Client agrees that Client will travel to Client's lawyer's office at a mutually agreeable meeting time.

13. **Client Contact.** Client agrees that Firm may contact Client via automated dialer and pre-recorded messages and electronic messages with information about services that Firm believes are beneficial to Client. By signing below and providing a permissible contact number, Client agrees to receive such contact, including at Your mobile telephone number. Client's eligibility to qualify for Firm's services does not depend on Client agreeing to receive such contacts. Client may opt-out from receiving such communications by informing Firm of the same in writing.

14. **Important Information about Conflicts of Interest.** A conflict of interest is a situation where Firm's interests and Your interests are, or could be, in conflict. There are a number of actual or potential conflicts of interest that the Firm needs to disclose to You.

   A. Pursuant to the Rules of Professional Conduct, the Firm cannot act as Your counsel to help You decide whether to enter into this Post-Petition Agreement. Nonetheless, we can explain this Post-Petition Agreement to You and by signing this Post-Petition Agreement You agree that the Firm fully explained the terms of this Post-Petition Agreement to You and answered any questions You had regarding the matters described in this Post-Petition Agreement. We advise that You consult with outside counsel about the specific terms of this Post-Petition Agreement.

   B. There is an inherent conflict whenever attorneys represent debtors in bankruptcy for a fee. Firm is working to alleviate Your financial issues, while at the same time charging a fee for our services. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this conflict.

   C. You are not required to sign this Post-Petition Agreement, but Firm filed Your case hoping that You would sign it, and this creates a conflict of interest between You and the Firm since executing this Post-Petition Agreement obligates You to make payments that will not be discharged in Your bankruptcy. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this conflict.

D. As described above, the Firm will share limited information with Rebound, including this Post-Petition Agreement, information about Your income and employment, and other basic contact information. Firm will not share with Rebound any attorney-client or privileged information. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to the sharing of such information.

E. If You choose not to sign this Post-Petition Agreement, the Firm may file a motion to withdraw from Your case, which may create a conflict of interest if You do not want the Firm to withdraw. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this potential conflict.

F. One example of a possible conflict would be if Rebound starts a collection action against You for the attorney fee finance by Rebound. If that happens, the Firm ethically would not be able to represent You in Your defense against Rebound, but Firm would continue to represent You in Your bankruptcy. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this potential conflict.

15. **Your Obligations to the Firm, the Bankruptcy Court, and the Trustee.** Filing a chapter 7 bankruptcy obligates You to provide documents and information to the Firm, the Bankruptcy Court and the Trustee. You also must participate in meetings and hearings and complete certain requirements in order to finish the case and receive a discharge of Your debts. More specifically:

A. **Providing Information and Documents to the Firm**. For the Firm to fully represent Your interests, You must timely provide the Firm with complete and truthful information and required documents, including about all property in which You have an ownership interest, and all debts You owe (secured or unsecured) and any other information regarding Your financial affairs. The Firm is not responsible for collecting such information from Your files or directly from Your creditors or the public record. Complete, accurate and reliable information from You is absolutely necessary (including complete and accurate addresses for Your creditors). Not all creditors are listed in Your credit reports and You are responsible for making sure all Your creditors are listed in the petition with correct addresses. If You wish to add creditors, You must notify the Firm in writing no later than 45 days after Your meeting of creditors described below. You agree not to submit original documents to the Firm and authorize the Firm to digitize any documents You submit and then destroy the paper form.

B. **Credit Counseling and Financial Management Courses**. Before Your case was filed, You completed a credit counseling course. Now that Your case is filed, You must complete a second, required financial management course and provide the Firm with a certificate proving that this course has been completed, and failing to do this will delay or prevent You from receiving Your discharge and ultimately result in Your case being dismissed.

C. **Cooperating with the Chapter 7 Trustee**. The Bankruptcy Court appointed a chapter 7 trustee for Your case. The trustee has various rights and duties, including the duty to investigate Your financial affairs (such as the value of Your assets), and the right to sell non-exempt assets to pay Your creditors. By signing below, You acknowledge that You understand You have a duty to cooperate with the chapter 7 trustee.

D. **Your Creditor's Meeting and Other Examinations.** Every person who files a chapter 7 case must attend a required hearing called the "first meeting of creditors," or "341 meeting." You must appear on the scheduled date and time and at the required location with Your social security card and photo ID. The trustee will place You under oath and ask You questions that You must answer truthfully. You may also be required to attend subsequent hearings before the trustee or Judge.

16. **Additional Important Terms**

    A. **Chapter 13**. After further analysis and review of Your financial situation, the Firm may determine that You do not qualify for a Chapter 7 or that a Chapter 13 Bankruptcy will be more appropriate. By signing below, You acknowledge that You understand that a Chapter 13 case requires significantly more work than a chapter 7 case, and the Firm will charge You additional costs and fees not covered by this Post-Petition Agreement, and that this will be addressed in a separate agreement.

    B. **Required Disclosures**. By signing this Post-Petition Agreement, You acknowledge and understand that: (1) Your debts will not be discharged if a creditor or trustee proves that You lied about assets or concealed, destroyed, or transferred any property or records in violation of the Bankruptcy Code, (2) all bankruptcy papers, pleadings and petitions are signed under penalty of perjury and a false oath, concealment of assets or other allegation under the Bankruptcy Code by a creditor, trustee or the bankruptcy court may result in Your discharge being denied, Your case dismissed, imprisonment and other sanctions and monetary or non-monetary penalties being imposed on You, and (3) the Firm provided You a copy of the disclosures and notices contemplated by Section 527 of the Bankruptcy Code within three business days from when the Firm first offered to provide bankruptcy services.

    C. **Non-Dischargeable Debts**. Obligations You owe to a creditor or ex-spouse pursuant to a divorce decree, student loans, most tax debts, debts not listed in the Bankruptcy petition, debts for spousal or child support or alimony, debts for willful and malicious injuries to person or property, debts to governmental units for fines and penalties, benefit overpayments, debts for personal injury caused by Your operation of a motor vehicle while intoxicated, debts owed to certain tax-advantaged retirement plans, and debts for certain HOA, condominium or cooperative housing fees are not dischargeable. The government can also offset future tax refunds and government benefits if You discharge overpayment of benefits, military credit cards, or certain governmental loans such as SBA and USDA loans.

17. **Receipt and Acknowledgement of Mandatory Notices and Disclosures.** The Bankruptcy Code as amended effective 10/17/2005 requires that Firm provide mandatory notices and disclosures to Client. Client acknowledges that Client has received, read, and understands the two documents titled Statement Mandated by Sections 527 and 342 of the Bankruptcy Code. Such disclosures are acknowledged by Client, and are incorporated by reference and made part of this Post-Petition Agreement.

18. **Termination Policy**. **Client has the right to cancel this Post-Petition Agreement and all financial obligations arising under that Post-Petition Agreement at any time within fourteen (14) days after signing it. Client may exercise Client's right to cancel the Post-Petition Agreement by notifying Firm in writing of Client's intent to cancel at 901 W Hillsborough Ave., Tampa, FL 33603. Upon receipt of said notice, Client consents to Firm's withdrawal as attorney of record in Client's pending bankruptcy case. Firm shall continue to represent Client until the Court enters an Order allowing Firm to withdraw from representation.**

DATED THIS _____ DAY OF _____, 2022.

CLIENT(S)                                    FIRM: Debt Relief Legal Group, LLC

Client: _____      For Firm: _____
Print:  _____      Print:    _____


Client: _____
Print:  _____



# CONTRACT FOR POST-PETITION LEGAL SERVICES IN A CHAPTER 7 BANKRUPTCY CASE

This Contract for Post-Petition Legal Services in a Chapter 7 Bankruptcy Case ("Post-Petition Agreement") is executed between Debt Relief Legal Group, LLC ("Firm") and the undersigned (individually and collectively known as "Client" or sometimes as "You" or "Your"). Client agrees to employ Firm to represent Client in Client's pending Chapter 7 bankruptcy case (Case No. _____ ). **Client has been advised that Client is not obligated to sign this Post-Petition Agreement and that Client may consult with another attorney as to whether Client should do so. Client has further been advised that Client may choose to retain another attorney apart from Firm, or proceed without legal representation in which case Firm will continue to represent Client until such time as the Court enters an Order authorizing Firm to withdraw from Client's bankruptcy case, or Client's bankruptcy case is closed or dismissed. Notwithstanding these disclosures, Client agrees to the following:**

1. **Retainer Fee**. Client agrees to pay attorney's fees in the amount of $2,000.00 for Firm's representation in Client's pending Chapter 7 bankruptcy case. Attorney's fee may be paid in full from Client's own resources, or may be financed, by a third-party finance company, Rebound Capital, LLC ("Rebound"). The financing agreement offered by Rebound ("Financing Agreement") provides that Rebound will advance attorney's fees on Client's behalf to the Firm and Client will agree to pay back all amounts financed in 12 equal installments, plus interest. Other terms and conditions apply. A true and correct copy of the Financing Agreement is attached hereto as **Exhibit "A"** and incorporated herein. A summary of the total fees financed, interest rate, monthly payment and the cost of financing is reflected in the chart below:

| FEDERAL TRUTH IN LENDING DISCLOSURES | | | | | |
|---|---|---|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of Your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost You. | **AMOUNT FINANCED** The amount of credit provided to You on Your behalf. | **TOTAL OF PAYMENTS** The amount You will have paid after You have made all payments as scheduled. | **TOTAL PRICE** The total cost of Your purchase on credit. | **YOUR MONTHLY PAYMENT** The amount You will pay each month, including principal and interes**t**. |
| **17.99 %** | **$200.20** | **$2,000.00** | **$2,200.20** | **$2,200.20** | **$183.35** |

The amount of the Retainer is based upon the information provided by Client at the consultation and may be adjusted upward in the event circumstances or information deviates from the date of retention.

   A. **Limited Sharing of Information with Rebound**. Client agrees that the Firm may share limited information with Rebound, including this Post-Petition Agreement, information about Your income and employment, and ~~other~~basic contact ~~and personal~~ information that You provided to Firm in the context of this representation. Firm will not share any attorney-client or privileged information with Rebound.

   B. **Collection Actions**. If You do not make Your payments when they are due, Rebound could pursue collection activities against You, which could include turning over Your account to a collection agency or suing You to collect what is owed, plus additional attorney's fees and collection costs. Firm cannot and will not represent You in any such collection action by Rebound or its assigns. However, Firm will continue to represent You or Your bankruptcy matter.

   C. **Negative Credit Reporting**. If You fail to make payments toward Your attorney fee as agreed in this Post-Petition Agreement, Rebound may report negatively on Your credit.

   D. **Ability to Make Payments**. The statements and schedules that are filed with the court on Your behalf may show that Your expenses exceed Your income.  You nonetheless believe that this opportunity to pay Your

attorney's fee through Rebound Financing Agreement is the best choice for You and You believe that You can make the required payments and that said payments will not result in an undue hardship.

2. **Base Legal Services**. The Base Legal Services included in this Post-Petition Agreement are the following:

- Preparing and filing Your Statement of Financial Affairs and Schedules of Assets and Liabilities and filing any necessary amendments to them (*Required*);
- Preparing and filing Your Means Test calculations and disclosures (*Required*);
- Meeting with You to review Your statements and schedules and have You sign them before we file them; (*Required*);
- Preparing for and attending Your Section 341 Meeting of Creditors, including any continuation of the Meeting (*Required*);
- Administrating and monitoring Your case and communicating with You throughout the process (*Required*);
- Forwarding the Trustee Questionnaire and debtor documents to the Trustee (*Required*);
- Review and responding to Trustee requests (*Required*);
- Noticing Your employer to stop any garnishments;
- Reviewing and advising You about any turnover demands from the Trustee;
- Reviewing and advising You about any Rule 2004 examinations and attending such an examination;
- Reviewing and advising You about any audit of Your case by the United States Trustee;
- Drafting or responding to claims or objections to claims;
- Preparing and filing a motion to reinstate Your case if it is dismissed;
- Reviewing and advising You regarding any motions for stay relief;
- Reviewing, advising You about, negotiating and attending any hearing about a proposed reaffirmation agreement or redemption;
- Reviewing and advising You about any lien avoidance matters;
- Reviewing and advising You regarding any creditor violations;
- Any other legal service required by the local rules (*Required*); and
- Enrolling Client into a credit reporting and education program after You obtain Your bankruptcy discharge that will monitor and assist the Client with rebuilding Your credit. This program, which includes the following will be at no additional cost to the Client and will last for approximately 48 months after You obtain Your bankruptcy discharge order:

    - Access to "7 Steps to a 720 Credit Score," which is serviced by 720CreditScore.com;
    - Access to 720 Credit Score's monthly LIVE "Jumpstart Your Credit Calls" where You can listen or ask personal questions to a designated client representative;
    - Access to the 720 Credit Score customer service portal, where all Your pre/post-bankruptcy credit questions will be answered;
    - A post discharge/confirmation review of Your credit report to determine the accuracy of the information contained in the report;
    - In 45 days post-discharge the client's credit report will be reviewed to confirm that all errors, if any, have been fixed; and
    - Continued monitoring of any creditors that were subject to the Discharge Order that they have not renewed any collection activities against any discharged debt.

3. **Non-Base Legal Services**. Legal services that exceed the scope of the Base Legal Services contemplated by the Retainer Fee may be provided by Firm post-petition for an additional fee, including but not limited to representing Client in: (a) converting the case to a Chapter 13 ($3,700-$4,200); (b) motion for mortgage modification ($1,800-$2,400); (c) Section 523 or 727 objections to discharge; (d) discharge proceedings, including those related to student loans, taxes or undue hardships; (e) motions for relief from, or continuation, defense or enforcement of the automatic stay (f) motions to redeem personal property($600.00); (g) rule 2004 examinations; (h) motions to avoid liens/judgments($500.00); (i) adversary proceedings; (j) contested matters regarding Client's claim of exempt property; (k) filing any amendments to the schedules; (l) motions ~~to continue the 341 meeting of creditors and/or appearing for a continued 341 hearing~~

~~($150.00); (m) motions~~ or adversary complaints to abandon/refinance/ sell/purchase property; (m) assisting in carrying out the Debtor's Statement of Intentions; (n) monitoring an "asset case"; ( o) re-opening a bankruptcy case to submit post-filing proof of pre-discharge counseling; (p) representing You in any municipal, county, state or other local jurisdiction court matters; (q) representing You in any tax matters; (r) representing You in any efforts to discharge student loans; (s) pursuing creditors for violations of the automatic stay, discharge injunction or Fair Credit Reporting Act; and (t) issues that arise that are not specifically listed in the Bankruptcy Services section. For such Non-Base Legal Services, Client will be charged $395.00 per hour for attorney time and $175/hour for paraprofessional time billed in 6-minute minimum increments, unless a flat fee is indicated. Non-Base Legal Services will not be provided by Firm unless a separate retainer agreement is executed by Firm and Client upon mutually acceptable terms.

4. **Bankruptcy Services Only.** This Post-Petition Agreement contemplates Base Legal Services and Non-Based Legal Services defined above (collectively "Bankruptcy Services") ONLY and no other services. Firm is not retained to represent Client in any other legal proceedings. Firm will NOT take any action outside of Bankruptcy Services described in this Post-Petition Agreement. Debtor expressly authorizes Firm to utilize outside counsel at no additional cost to Client to appear on Client's behalf at creditor meetings and hearings.

5. **Violation Actions.** Client hereby authorizes Firm, but does not require it, to investigate for the existence of violations of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes or Bankruptcy Code violations (collectively, "Violation Action"~~), and to prosecute them with or without the assistance outside of counsel as Firm deems necessary to pursue such claims. If Client decides with Firm to bring a Violation Action then in the event of a recovery through settlement or judgment, the fee will be calculated by applying the greater of: a) a multiple of Firm's usual hourly rates at the time of the recovery, times the actual hours expended on this matter, or; b) $1,750 of the first $2,000 in total recovery, plus 50% of the recovery in excess of $2,000. All fees owed to Firm in connection with the filing and prosecution of a Violation Action are contingent on the successful outcome of any such litigation and shall be paid by the defending party~~"). Any representation by Firm of Client's interests in a Violation Action will be subject to the terms of a separate, mutually agreeable retainer agreement.

6. **Refund Policy.** Client retains Firm under a General Retainer known as a "FLAT FEE RETAINER" whereby Firm agrees to provide Bankruptcy Services for a fixed amount and not on an hourly basis unless otherwise indicated in this Post-Petition Agreement. Because this is a flat fee representation, Client expressly waives any rights to any accounting or monthly billing of time spent on this matter. All fees forwarded and paid to Firm constitute earned compensation upon receipt by Firm, are non-refundable, and will be deposited in Firm's general operating account, and not in an IOTA account. Therefore, Firm is not obligated to refund any portion to Client regardless of when or in what manner this matter may be concluded, or this Post-Petition Agreement terminated~~.~~, except as otherwise required by the Bankruptcy Court, The Florida Bar or other court of competent jurisdiction.

7. **Due Diligence.** Firm may investigate/verify the information provided by Client via third party sources and is authorized to amend information provided by Client as a result of its investigation. Firm may order (at Client's expense), or request Client order, due diligence documentation/items, including but not limited to appraisals, real estate and auto valuations, credit checks, tax transcripts, asset searches and anything Firm deems appropriate to confirm Client information. If not provided by Client within 30 days of request, or at Client's request, Firm, at its discretion is authorized to utilize certain due diligence products and pass through to Client the cost of such products plus a reasonable administrative fee to compensate Firm for the time to order and process such documents.

8. **Debtor's Obligations to Pay Designated Costs/Fees/Due Diligence**. In addition to the Retainer fee, the Client shall be obligated to obtain/pay for the following items: (a) post-filing debtor education instructional course; (b) tax transcripts; (c) public record, asset/lien searches; (d) copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, appraisals, broker price opinions (BPO), auto valuations, and other similar documents; (e) any other records or statements not produced by Client; (t) filing fee for amending bankruptcy schedules; and (g) filing fee for conversions.

9. **Retention and Disposition of Records**. Firm cannot accept any original documents. Client is responsible to make copies of all documents and hereby certifies that no original documents have been sent or delivered to Firm. Firm reserves the right to destroy any file after 4 years starting from the petition date. Firm encourages Client to keep and maintain

copies of all bankruptcy related matters. Client may request a copy of the file or any documents within the file by sending a written request with a retrieval and duplication fee of $50. Firm satisfies such requests within thirty (30) days of receipt. Client may expedite delivery to under ten days by paying $75 per request. You understand that the Firm will only retain Your client file for 4 years.  Following that time period, copies of Your bankruptcy papers and discharge order may be obtained through the clerk of the bankruptcy court.

10. **Limited Power of Attorney**. Client agrees that the signature on this Post-Petition Agreement also grants Firm a limited power of attorney to affix its signature to any authorization forms required to (a) obtain tax information from any third party tax preparer, accountant, the state or federal taxing authority, or any other party in possession of any type of tax information/returns related to Client, including, but not limited to copies of Client's tax returns and/or transcripts, and to obtain due diligence products from third parties including, but not limited to, real estate appraisals and/or comparative market analyses, title searches, asset searches, personal property valuations, and credit reports.

11. **Full Disclosure**. Client agrees that all information disclosed shall be accurate, and that Client shall not withhold any information responsive to questions asked by the attorney either in person or on documents or letters from Firm. Any material misrepresentation or failure to disclose relevant information will be grounds for Firm to terminate the representation, and withdraw from the case, and may result in loss of all fees paid. Any legal questions must be referred to the attorney. Staff may not give legal advice.

12. **Virtual Representation.** Client understands and agrees that Firm represents its Clients virtually, meaning primarily through means of telephonic and digital (online) communication. Client agrees that whenever possible, Client's communication with the Firm will not be face-to-face at a physical office, but rather through email, over the phone or through a virtual meeting room that Client accesses through Client's computer or telephone. Client has elected to use the Firm, in part, because the Firm offers this service and Client finds this service to be more efficient and convenient. Client also understands that court rules within Client's local jurisdiction may require Client to sign Client's final documents in the presence of the lawyer, in which case Client agrees that Client will travel to Client's lawyer's office at a mutually agreeable meeting time.

13. **Client Contact.** Client agrees that Firm may contact Client via automated dialer and pre-recorded messages and electronic ~~message and/or on behalf of others~~messages with information about services that Firm believes are beneficial to Client. By signing below and providing a permissible contact number, Client agrees to receive such contact, including at Your mobile telephone number. Client's eligibility to qualify for Firm's services does not depend on Client agreeing to receive such contacts. Client may opt-out from receiving such communications by informing Firm of the same in writing.

14. **Important Information about Conflicts of Interest.** A conflict of interest is a situation where Firm's interests and Your interests are, or could be, in conflict. There are a number of actual or potential conflicts of interest that the Firm needs to disclose to You.

   A. Pursuant to the Rules of Professional Conduct, the Firm cannot act as Your counsel to help You decide whether to enter into this Post-Petition Agreement. Nonetheless, we can explain this Post-Petition Agreement to You and by signing this Post-Petition Agreement You agree that the Firm fully explained the terms of this Post-Petition Agreement to You and answered any questions You had regarding the matters described in this Post-Petition Agreement. We advise that You consult with outside counsel about the specific terms of this Post-Petition Agreement.

   B. There is an inherent conflict whenever attorneys represent debtors in bankruptcy for a fee. Firm is working to alleviate Your financial issues, while at the same time charging a fee for our services. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this conflict.

   C. You are not required to sign this Post-Petition Agreement, but Firm filed Your case hoping that You would sign it, and this creates a conflict of interest between You and the Firm since executing this Post-Petition Agreement obligates You to make payments that will not be discharged in Your bankruptcy. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this conflict.

- D. As described above, the Firm will share limited information with Rebound, including this Post-Petition Agreement, information about Your income and employment, and other ~~personal and contact information. Generally, information shared between an attorney and their client may be kept secret, something known as the attorney-client privilege. By sharing the limited information with Rebound, Your attorney-client privilege could be waived.~~ basic contact information. Firm will not share with Rebound any attorney-client or privileged information. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to the sharing of such information ~~and waive this potential conflict~~.

- E. If You choose not to sign this Post-Petition Agreement, the Firm may file a motion to withdraw from Your case, which may create a conflict of interest if You do not want the Firm to withdraw. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this potential conflict.

- F. ~~If, in our opinion, a non-waivable conflict arises during our representation of You, we will be required to withdraw from Your case and You will need to either proceed *pro se* or retain another attorney and incur additional legal fees.~~ One example of a ~~non-waivable~~ possible conflict would be if Rebound starts a collection ~~actions~~ action against You for the attorney fee ~~that You owe under this Post-Petition Agreement.~~ finance by Rebound. If that happens, the Firm ethically would not be able to represent You in Your defense against Rebound~~.~~, but Firm would continue to represent You in Your bankruptcy. By signing this Post-Petition Agreement, You acknowledge that You understand this explanation and give Your informed consent to waive this potential conflict.

15. **Your Obligations to the Firm, the Bankruptcy Court, and the Trustee.** Filing a chapter 7 bankruptcy obligates You to provide documents and information to the Firm, the Bankruptcy Court and the Trustee. You also must participate in meetings and hearings and complete certain requirements in order to finish the case and receive a discharge of Your debts. More specifically:

- A. **Providing Information and Documents to the Firm**. For the Firm to fully represent Your interests, You must timely provide the Firm with complete and truthful information and required documents, including about all property in which You have an ownership interest, and all debts You owe (secured or unsecured) and any other information regarding Your financial affairs. The Firm is not responsible for collecting such information from Your files or directly from Your creditors or the public record. Complete, accurate and reliable information from You is absolutely necessary (including complete and accurate addresses for Your creditors). Not all creditors are listed in Your credit reports and You are responsible for making sure all Your creditors are listed in the petition with correct addresses. If You wish to add creditors, You must notify the Firm in writing no later than 45 days after Your meeting of creditors described below. You agree not to submit original documents to the Firm and authorize the Firm to digitize any documents You submit and then destroy the paper form.

- B. **Credit Counseling and Financial Management Courses**. Before Your case was filed, You completed a credit counseling course. Now that Your case is filed, You must complete a second, required financial management course and provide the Firm with a certificate proving that this course has been completed, and failing to do this will delay or prevent You from receiving Your discharge and ultimately result in Your case being dismissed.

- C. **Cooperating with the Chapter 7 Trustee**. The Bankruptcy Court appointed a chapter 7 trustee for Your case. The trustee has various rights and duties, including the duty to investigate Your financial affairs (such as the value of Your assets), and the right to sell non-exempt assets to pay Your creditors. By signing below, You acknowledge that You understand You have a duty to cooperate with the chapter 7 trustee.

- D. **Your Creditor's Meeting and Other Examinations.** Every person who files a chapter 7 case must attend a required hearing called the "first meeting of creditors," or "341 meeting." You must appear on the scheduled date and time and at the required location with Your social security card and photo ID. The trustee will place You under oath and ask You questions that You must answer truthfully. You may also be required to attend subsequent hearings before the trustee or Judge.

16. **Additional Important Terms**

    A. **Chapter 13**. After further analysis and review of Your financial situation, the Firm may determine that You do not qualify for a Chapter 7 or that a Chapter 13 Bankruptcy will be more appropriate. By signing below, You acknowledge that You understand that a Chapter 13 case requires significantly more work than a chapter 7 case, and the Firm will charge You additional costs and fees not covered by this Post-Petition Agreement, and that this will be addressed in a separate agreement.

    B. **Required Disclosures**. By signing this Post-Petition Agreement, You acknowledge and understand that: (1) Your debts will not be discharged if a creditor or trustee proves that You lied about assets or concealed, destroyed, or transferred any property or records in violation of the Bankruptcy Code, (2) all bankruptcy papers, pleadings and petitions are signed under penalty of perjury and a false oath, concealment of assets or other allegation under the Bankruptcy Code by a creditor, trustee or the bankruptcy court may result in Your discharge being denied, Your case dismissed, imprisonment and other sanctions and monetary or non-monetary penalties being imposed on You, and (3) the Firm provided You a copy of the disclosures and notices contemplated by Section 527 of the Bankruptcy Code within three business days from when the Firm first offered to provide bankruptcy services.

    C. **Non-Dischargeable Debts**. Obligations You owe to a creditor or ex-spouse pursuant to a divorce decree, student loans, most tax debts, debts not listed in the Bankruptcy petition, debts for spousal or child support or alimony, debts for willful and malicious injuries to person or property, debts to governmental units for fines and penalties, benefit overpayments, debts for personal injury caused by Your operation of a motor vehicle while intoxicated, debts owed to certain tax-advantaged retirement plans, and debts for certain HOA, condominium or cooperative housing fees are not dischargeable. The government can also offset future tax refunds and government benefits if You discharge overpayment of benefits, military credit cards, or certain governmental loans such as SBA and USDA loans.

17. **Receipt and Acknowledgement of Mandatory Notices and Disclosures.** The Bankruptcy Code as amended effective 10/17/2005 requires that Firm provide mandatory notices and disclosures to Client. Client acknowledges that Client has received, read, and understands the two documents titled Statement Mandated by Sections 527 and 342 of the Bankruptcy Code. Such disclosures are acknowledged by Client, and are incorporated by reference and made part of this Post-Petition Agreement.

18. **Termination Policy**. **Client has the right to cancel this Post-Petition Agreement and all financial obligations arising under that Post-Petition Agreement at any time within fourteen (14) days after signing it. Client may exercise Client's right to cancel the Post-Petition Agreement by notifying Firm in writing of Client's intent to cancel at 901 W Hillsborough Ave., Tampa, FL 33603. Upon receipt of said notice, Client consents to Firm's withdrawal as attorney of record in Client's pending bankruptcy case. Firm shall continue to represent Client until the Court enters an Order allowing Firm to withdraw from representation.**

DATED THIS _____ DAY OF _____, 2022.

CLIENT(S)                                            FIRM: Debt Relief Legal Group, LLC

Client: _____       For Firm: _____
Print:  _____       Print:    _____


Client: _____
Print:  _____